UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

www.flsb.uscourts.gov

**In re:**

**SAVION HOLDINGS, LLC.**            Case No.: 10-31310-BKC-PGH

                                                        **Chapter 7**

       Debtor.

_____/     **ADV. CASE NO.:**

**AMIT PATEL**, an individual,

       Plaintiff,

   vs.

**SAVION HOLDINGS, LLC**, a Florida limited liability company; **SHORE TO SHORE TITLE, INC.**; a Florida corporation, and **BANK UNITED** as successor in interest to **BANK UNITED, FSB**,

       Defendants.
_____/

## ADVERSARY COMPLAINT
## RETURN OF PURCHASE DEPOSITS

Plaintiff, AMIT PATEL, by and through his undersigned counsel, pursuant to 28 U.S.C. 158(b)(2), Fed. R. Bankr. P. 7001 (9) and Local Rule 7003-1, hereby files these proceedings against Defendants SAVION HOLDINGS, LLC, SHORE TO SHORE TITLE, INC. and BANK UNITED as successor in interest to BANK UNITED, FSB, and states:

**AS TO ALL COUNTS**

1.      This is an adversary proceeding brought by these Purchasers to obtain a declaratory judgment and/or damages.

*PATEL V. SAVION HOLDINGS, ET AL.; SD FL BANKRUPTCY COURT ADVERSARY CASE NO. _____*

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(b); this is a core proceeding to which this Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. 157(b)(2)(A) and (O).

3. Plaintiff, AMIT PATEL, is a party to a certain Purchase Agreement between himself as the purchaser and SAVION HOLDINGS, LLC as the seller.

4. Defendant, SAVION HOLDINGS, LLC ("SAVION"), is a Florida limited liability partnership and is a "Developer" pursuant to 15 U.S.C. §§ 1701(5) and 718.103(16), Florida Statutes, whose primary business is the development and construction of a condominium development named LATITUDE DELRAY BEACH, a Condominium ("Condominium" or "Project"), in Delray Beach, Florida, which is located in Palm Beach County and venue, therefore, is proper in this Court.

5. Defendant SAVION, by and through its members, managing members, officers, representatives and agents, conducts business in Palm Beach County, Florida, for the purpose of constructing and developing the Condominium, and engaged in acts and omissions which resulted in damages to the Plaintiff within the geographical boundaries of Palm Beach County, Florida.

6. Defendant BANK UNITED as successor in interest to BANK UNITED, FSB ("BANK UNITED"), foreclosed on the property (PBC- 502009CA031190XXXXMB) which is subject to the Plaintiff's Purchase Agreement, may have succeeded SAVION as developer and claims a current and continuing UCC lien against the deposits placed by the Plaintiff pursuant to the Purchase Agreement.

7. SHORE TO SHORE TITLE, INC ., is the escrow agent ("ESCROW AGENT") for the transaction contemplated in the Purchase Agreement and is, upon information and belief, in possession of certain funds, whose ownership is at issue in this action. SHORE TO SHORE TITLE, INC , is named as a **nominal party only** as no claims are being brought against it, and it

is named only to afford the Court jurisdiction over funds that are at the center of the controversy and to avoid the necessity of its joinder in interpleader.

8. Plaintiff has retained the services of Reiner & Reiner, P.A., to prosecute this action and has agreed to pay the reasonable costs of such services.

9. All conditions precedent to the bringing of this action have been performed, excused or waived.

10. On or about February 7, 2005, Plaintiff, AMIT PATEL, entered into a Purchase Agreement with SAVION for the pre-construction purchase of a condominium unit. A copy of the Agreement is attached as Exhibit "A."

11. The Agreement, which was prepared by SAVION, provides for the purchase and sale of condominium Unit No. C-9-207 in the LATITUDE DELRAY CONDOMINIUM (hereinafter the "Agreement").

12. The terms of the Purchase Agreement are governed by Florida state and Federal laws, pursuant to the Defendant's registration with the Florida State Department of Business and Professional Regulation, pursuant to Chapter 718, Florida Statutes, and under the Federal Interstate Land Sales Full Disclosure Act, 15 U.S.C. §1701, *et seq* ("ILSA"), though the Defendant failed to register the Project under that Act.

13. Pursuant to Paragraph 3(d) of the Agreement, SAVION agreed to substantially complete construction of the Plaintiff's Unit by December 31, 2007 (the "Completion Date") and, in accordance with paragraph 4, tender the unit for closing no more than ten (10) days thereafter.

14. In accordance with the terms of the Agreement, the Plaintiff tendered a deposit payment in the amount of $67,200.00 for the subject Unit. The deposit was to be held in escrow by Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, but upon information and belief, as been transferred to SHORE TO SHORE TITLE, INC ("Escrow Agent").

*PATEL V. SAVION HOLDINGS, ET AL.; SD FL BANKRUPTCY COURT ADVERSARY CASE NO. _____*

15. BANK UNITED, as the construction lender for the Project, registered a UCC lien (#200508806400 as continued #200901558298) executed in their favor by SAVION, purporting to create some interest in the Plaintiff's escrow deposits. Copies of those documents are attached as Exhibit "B."

16. The Defendant failed to complete the Unit or Project by the date set forth in the Purchase Agreement and/or failed to timely notice the Plaintiff for closing.

17. On March 14, 2008, the Defendant recorded the Declaration of Condominium legally creating the Latitude Delray Beach Condominium. According to the Declaration, the Condominium consists of four separate four story buildings each containing twenty-one residential units.

18. On or about August 6, 2008, eight months after the Defendant contracted to complete Plaintiff's Unit and the Defendant still having failed to complete or tender the Unit, the Plaintiff sent SAVION a letter by certified mail cancelling the Purchase Agreement and demanding the return of his deposit money. A copy of that correspondence is attached hereto as Exhibit "C."

19. On or about September 14, 2009, BANK UNITED, filed a foreclosure action against the Defendant (PBC- 502009CA031190XXXXMB), and the Court, on November 23, 2009, issued a Final Order of Foreclosure. The Project property was subsequently sold at auction on December 28, 2009 to BANK UNITED who conveyed it to a third party. Copies of those documents are attached hereto as Composite Exhibit "D."

20. The Defendant, Savion Holdings, LLC, no longer has any interest in the property subject to the Purchase Agreement, yet the Receiver, without authority, has sent fraudulent Notices to Close in an apparent attempt to mislead and default purchase contract holders out of their deposits. A copy of two such Notices are attached as Exhibit "E."

21. Plaintiff has performed all conditions, covenants, and promises required by him, on his part to be performed in accordance with the terms and conditions of the Agreement.

REINER & REINER, P.A.
9100 SO. DADELAND BLVD., SUITE 901, MIAMI, FLORIDA 33156-7815

22. By reason of SAVION's breaches and/or deceptive conduct, and BANK UNITED's interference with the either the closing or the reimbursement of Plaintiff's escrow deposits, Plaintiff was required to retain the services of the undersigned law firm to prosecute this lawsuit, and is entitled to recover his reasonable attorney's fees incurred pursuant to section 16 of the Agreement as well as other provisions of Florida law herein set forth.

## COUNT I
## BREACH OF CONTRACT
## FAILURE TO COMPLETE
## (AS TO SAVION)

The allegations contained in paragraphs 1 through 22 are realleged herein as though fully set forth.

23. As set forth above, the Agreement and other materials provided to the Plaintiff stated that Savion committed to complete Unit No. C-9-207 "by December 31, 2007."

24. At no time prior to December 31, 2007, or subsequent to that date did SAVION provide notice of any "Permissible Delays," defined in the Agreement as circumstances beyond SAVION's control, such as acts of God, or any other ground recognized in Florida contract law.

25. The Agreement contains a "time of the essence" clause (paragraph 19) and time was otherwise made of the essence by the Plaintiff's August 6, 2008 Notice of Default. That notice is attached as Exhibit "C."

26. SAVION has breached the subject Agreement by failing to deliver the Unit by the Completion Date and failed to cure once that dated had passed and notice was given.

27. SAVION further breached the Agreement because it was incapable of timely provide quality of title as required in the Agreement at paragraph 5.

28. The Plaintiff is, therefore, entitled to damages against Defendant for breach, and pursuant to the terms, of the Agreement, including but not limited to, return of all sums paid

*PATEL V. SAVION HOLDINGS, ET AL.; SD FL BANKRUPTCY COURT ADVERSARY CASE NO. _____*

as deposits, together with applicable interest thereon, attorney fees and costs pursuant to the Agreement.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, SAVION, for damages in the amount of $67,200.00 for Unit No. C-9-207, plus all interest accrued, reasonable attorney's fees, costs, and such other and further relief as this Honorable Court may deem just and proper.

### COUNT II
### BREACH OF CONTRACT
### LOSS OF PROPERTY IN FORECLOSURE
### (AS TO SAVION)

The allegations contained in paragraphs 1 through 22 are realleged herein as though fully set forth.

29. As set forth in the Agreement provided to the Plaintiff, SAVION committed to complete Unit No. C-9-207 by December 31, 2007 and timely tender it to Plaintiff for closing with proper notice.

30. On or about September 14, 2009, and with the Plaintiff's unit still not substantially completed and/or the Plaintiff still not noticed to close, BANK UNITED, the mortgage holder for the project filed a foreclosure action against the SAVION and the court, on November 23, 2009, issued a Final Order of Foreclosure as the Project property, including Plaintiff's contracted unit - both of which were subsequently sold at auction on December 28, 2009.

31. The Defendant, Savion Holdings, LLC., no longer has or had any interest in the property subject to the Purchase Agreement yet, after the property was conveyed, the Receiver, as agent for BANK UNITED, without authority, sent fraudulent Notices to Close to purchase contract holders, including the Plaintiff, in an apparent attempt to default purchase contract holders and seize their deposits. A copy of two such Notices are attached as Exhibit "E."

REINER & REINER, P.A.
9100 SO. DADELAND BLVD., SUITE 901, MIAMI, FLORIDA 33156-7815

32. Plaintiff has performed all conditions, covenants, and promises required of him for his part to be performed in accordance with the terms and conditions of the Purchase Agreement.

33. SAVION has breached the subject Agreement by losing ownership of the property subject to the Purchase Agreement prior to completion and no longer has any ability to perform its obligations under the Purchase Agreement as originally contemplated.

34. The Plaintiff is, therefore, entitled to damages against Defendant, including but not limited to, the return of all sums paid as deposits, together with applicable interest thereon, attorney fees and costs pursuant to the Agreement.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, SAVION, for damages in the amount of $67,200.00, for Unit No. C-9-207, plus all interest accrued, reasonable attorney's fees, costs, and such other and further relief as this Honorable Court may deem just and proper.

### COUNT III
### RESCISSION OF CONTACT
### MATERIAL ADVERSE CHANGE, § 718.503, F.S.
### (AS TO SAVION)

The allegations contained in paragraphs 1 through 22 are realleged herein as though fully set forth.

35. As set forth above, the Agreement and other materials provided to the Plaintiff stated that, SAVION promised that the construction of the subject property would be substantially completed "by December 31, 2007."

36. At no time prior to December 31, 2007, or subsequent to that date, did Defendant provide Plaintiff notice of any grounds recognized in Florida contract law for failing to complete and tender the Plaintiff's Unit or the Project.

37. At no time prior to December 31, 2007, or any time subsequent to that date,

Case 10-03665-PGH    Doc 1    Filed 10/23/10    Page 8 of 12

*PATEL V. SAVION HOLDINGS, ET AL.; SD FL BANKRUPTCY COURT ADVERSARY CASE NO. _____*

did Defendant, or any other successor developer, provide notice to the Department of Business and Professional Regulation, as required under Chapter 718,503, Florida Statutes, that they were for any reason extending the completion date for the Project and units set forth in its offering to Plaintiff.

38. Instead, SAVION, knowing that it would not complete the project by the date set forth in the Purchase Agreement, simply failed to amend its filing and offering to avoid disclosure to Plaintiff and other purchasers their cancellations rights pursuant to § 718.503, Florida Statutes.

39. The Florida Administrative Code defines a change in the completion date in a preconstruction condominium offering material as a matter law.

40. The decline in the real estate market and financial markets in 2008 and 2009, well after the original promised complete date, cause the material change in the completion date to adversely affect Plaintiff's ability to close upon actual completion.

41. The material adverse change in the Completion Date, whether or not actually communicated in the manner required by the Agreement and Florida law, created a right to rescind the Agreement pursuant to the provisions of Florida Statutes § 718.506.

42. Plaintiff has exercised that right and is entitled to rescind the Agreement, however, SAVION (and BANK UNITED as more particularly set forth in Count V) have refused to acknowledge Plaintiff's rescission.

43. Pursuant to § 718.506(2), Florida Statutes, Plaintiff is also entitled to recover his reasonable attorney's fees and costs in connection with this action.

44. All conditions precedent to the institution of this actions have been performed, waived or occurred.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in favor of the Plaintiff and against the Defendant, SAVION, rescinding the Agreement and requiring the

8

REINER & REINER, P.A.
9100 SO. DADELAND BLVD., SUITE 901, MIAMI, FLORIDA 33156-7815

PATEL V. SAVION HOLDINGS, ET AL.; SD FL BANKRUPTCY COURT ADVERSARY CASE NO. _____

Defendant to repay the Unit No. C-9-207 deposit, together with interest thereon, together with court costs, attorney's fees pursuant to § 718.506 (2), Florida Statutes, and for any other relief this Court deems just and proper.

## COUNT IV
## DECLARATORY RELIEF CHAPTER 718.202
## (AS TO SAVION)

The allegations contained in paragraphs 1 through 22 are realleged herein as though fully set forth.

45. This is an actions for declaratory relief pursuant to section 86.011, Florida Statutes.

46. There is an actual, real, and bona fide controversy as to the rights of Plaintiff and Defendant to the funds placed by the Plaintiff in escrow under the Purchase Agreement, the Escrow Agreement and Florida Law. A copy of the Escrow Agreement is attached hereto as Exhibit "F."

47. Pursuant to § 718.202(2), Florida Statutes, the Defendant was required to establish two independent escrow accounts for funds deposited by the Plaintiff.

(1) If a developer contracts to sell a condominium parcel and the construction, furnishing, and landscaping of the property submitted or proposed to be submitted to condominium ownership has not been substantially completed in accordance with the plans and specifications and representations made by the developer in the disclosures required by this chapter, the developer shall pay into an escrow account all payments up to 10 percent of the sale price received by the developer from the buyer towards the sale price...
. . . .

(2) All payments which are in excess of the 10 percent of the sale price described in subsection (1) and which have been received prior to completion of construction by the developer from the buyer on a contract for purchase of a condominium parcel shall be held in a special escrow account established as provided in subsection (1) and controlled by an escrow agent and may not be used by the developer prior to closing the transaction, except as provided in subsection (3) or except for refund to the buyer.

48. In accordance with the terms of the Escrow Agreement, the Defendant only

established one escrow account in which Plaintiff's deposits up to ten percent (10%) of the purchase price and Plaintiff's deposits in excess of ten percent (10%) of the purchase price where improperly co-mingled.

49. On August 6, 2008, Plaintiff sent the Defendant notice of his intent to cancel the Purchase Agreement based on this commingling and demanded the return of his deposits, however, the Defendant has failed to respond.

50. Plaintiffs seek a declaration that he has properly terminated his Purchase Agreement and is entitled to the immediate return of his entire deposit, plus interest pursuant to § 718.202(5). *See*, *Double AA Intern. Inv. Group, Inc. v. Swire Pacific Holdings, Inc.* 2009 WL 4825097, 1 (S.D.Fla. 2009).

51. Plaintiff and Defendant have an actual, present, adverse, and antagonistic interest in the subject matter at issue, either in fact or law.

52. As a result of the parties' conflicting positions, Plaintiff is in doubt as to his rights under the Purchase Agreement and Florida law.

**WHEREFORE**, Plaintiffs seek a declaratory judgment to the effect that the Defendant's failure to hold the Plaintiff's deposits in two discrete escrow accounts as required under the statute gives rise to a right to cancel his Purchase Agreement, that Plaintiff has cancelled his Purchase Agreement and is owed a refund, pre-judgment interest, post-judgment interest, attorney's fees and costs, and for such other relief that the Court deems just and proper.

**COUNT V**
**DECLARATORY RELIEF**
**(AS TO BANK UNITED)**

The allegations contained in paragraphs 1 through 22 are realleged herein as though fully set forth.

53. This is an actions for declaratory relief pursuant to section 86.011, Florida Statutes.

54. There is an actual, real, and bona fide controversy as to the rights of Plaintiff and Defendant BANK UNITED as to the funds placed by the Plaintiff in escrow under the Purchase Agreement, BANK UNITED's UCC liens and Florida law.

55. BANK UNITED has maintained that they have an interest in the Plaintiff's escrow deposits by virtue of the UCC lien (#200508806400 as continued #200901558298) executed in their favor by SAVION.

56. The Plaintiff believes that, for a number of reasons, including those more particularly set forth in the claims brought by the Plaintiff against the developer in these proceedings, that BANK UNITED has no interest in the Plaintiff's escrowed deposits and no right to continue to block their disbursement by the developer or escrow agent. [1]

57. The UCC lien of record, by its express language, only encumbers any "right, title and interest" SAVION had to the Plaintiff's deposits and, by virtue of any or all of claims Plaintiff has brought against SAVION, SAVION has no "right, title and interest" to any of Plaintiff's escrow funds. [2]

58. Plaintiff seeks a declaration that he has properly terminated his Purchase Agreement and is entitled to the immediate return of his entire deposit, plus interest pursuant to § 718.202(5).

59. Plaintiff and Defendant BANK UNITED have an actual, present, adverse, and

---

[1] BANK UNITED knew when it took possession of the Project through foreclosure that SAVION would have no ability to perform under the Purchase Agreements and, by its actions, relinquished all right, title and interest in the Plaintiff's deposits yet still claims to have an interest.

[2] Preliminarily, SAVION lost all right, title and interest in the Project by virtue of BANK UNITED's foreclosure action and SAVION never called Plaintiff to close. Also, both SAVION and BANK UNITED have known for a year that SAVION breached the Purchase Agreements by failing to timely complete the Project as evidenced by Judge McCarthy's Final Judgment against SAVION on January 4, 2010 (PBC-50208CA039004XXXXMB/AE). A copy of that Judgment is attached hereto as Exhibit "G."

*PATEL V. SAVION HOLDINGS, ET AL.; SD FL BANKRUPTCY COURT ADVERSARY CASE NO. _____*

antagonistic interest in the subject matter at issue, either in fact or law.

60. As a result of the parties' conflicting positions, Plaintiff is in doubt as to his rights based on BANK UNITED's UCC.

**WHEREFORE**, Plaintiff seeks a declaratory judgment to the effect that the Defendant BANK UNITED has no right, title and interest in the Plaintiff's escrow deposits, that absent any other lawful claim, the Plaintiff is entitled to the return of his deposits, pre-judgment interest, post-judgment interest, attorney's fees and costs, and for such other relief that the Court deems just and proper.

Dated: October 23, 2010

**REINER & REINER, P.A.**
*Attorneys for Plaintiff*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*e-mail:  dpr@reinerslaw.com*

             /S/   DAVID P. REINER, II
By: _____
    **DAVID P. REINER, II**; Florida Bar No. 416400

W:\Condo Projects\69869-Adversary-Complaint-Savion.wpd